## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**GAINESVILLE COINS, LLC,**

      **Plaintiff,**

**v.**                                                            **Case No.  8:13-cv-1402-T-30MAP**

**VCG VENTURES, INC. D/B/A**
**VANGUARD CAPITAL GROUP,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant BCG Ventures, Inc. d/b/a Vanguard Capital Group's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 20) and Plaintiff Gainesville Coins, LLC's Response in Opposition (Dkt. 22).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a copyright action.  Plaintiff Gainesville Coins, LLC, a Florida limited liability company, is a large precious metal dealer.  Its business is primarily conducted via its website. Gainesville Coins brought the instant action against Defendant BCG Ventures, Inc. d/b/a Vanguard Capital Group ("Vanguard") for copyright infringement, among other related legal claims, after it discovered that Vanguard was infringing Gainesville Coins' copyright through

its use of Gainesville Coins' original product descriptions, photographs, other text, and website layout that appear on Gainesville Coins' website (the "Work").

Specifically, in late January 2013, Gainesville Coins discovered that Vanguard, without authorization, willfully and deliberately copied its product description for the "1 oz PAMP Suisse Lunar Dragon Silver Bar" and displayed it on the Vanguard Website. Gainesville Coins provided notice to Vanguard of its rights in the product description and requested that Vanguard stop using the Work. Vanguard did not comply with Gainesville Coins' request and continued to use the Work.

The complaint alleges that Vanguard copied Gainesville Coins' website with full knowledge of Gainesville Coins' copyright in and to the Gainesville Coins' website and its content.

Gainesville Coins filed the instant action on May 29, 2013. On May 30, 2013, the Court granted Gainesville Coins' motion for temporary restraining order ("TRO") and referred Gainesville Coins' motion for a preliminary injunction to Magistrate Judge Mark A. Pizzo (Dkt. 5). Subsequently, Judge Pizzo extended the TRO and scheduled a June 24, 2013 hearing on the preliminary injunction motion. On June 21, 2013, Michael Benjamin Germain filed a notice of appearance on Vanguard's behalf (Dkt. 16). On June 21, 2013, the parties entered into a stipulated preliminary injunction, which this Court granted on June 24, 2013 (Dkts. 17 and 18, respectively). On August 2, 2013, the parties filed their joint case management report (Dkt. 19).

Vanguard now moves for dismissal based on lack of personal jurisdiction and relies solely on the affidavit of Shannon Smith; the affidavit states that Vanguard does not have an office or agent, maintain a phone number, or have any clients or customers in Florida. Vanguard also argues that having a website that is accessible in Florida is insufficient to establish personal jurisdiction.

As set forth below, Vanguard's motion is denied because Vanguard waived its right to contest personal jurisdiction and, regardless of any waiver, the motion fails on its merits under the Florida Long-Arm Statute and the *Calder* "effects test".

## DISCUSSION

I.     **Vanguard Waived the Defense of Lack of Personal Jurisdiction**

Both venue and jurisdiction are personal privileges of the defendant and both may be waived. *See Leroy v. Great W. United Corp.,* 443 U.S. 173 (1978); *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167-68 (1939).   As Gainesville Coins points out, Vanguard moved to dismiss the complaint for lack of personal jurisdiction *after* Vanguard stipulated to a preliminary injunction and participated in the case management conference. Importantly, Vanguard did not reserve its right to contest the Court's jurisdiction over it at any of these junctures.   Under these facts, Vanguard waived the defense and its motion to dismiss is denied on this ground. *See Aeration Solutions, Inc. v. Dickman*, 85 Fed.Appx. 772, 774 (Fed. Cir. 2004) (finding defendants voluntarily acknowledged and acquiesced to the district court's jurisdiction over them by stipulating to an injunction); *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Beta Constr. LLC*, 8:10-CV-1541-T-26TBM, 2010 WL 4316573,

at *1 (M.D. Fla. Oct. 26, 2010) (finding defendant "waived his right to attack the personal jurisdiction of [the] Court by entering an appearance and participating in the case management conference without objecting to the Court's personal jurisdiction").

## II.     Even without the Waiver, this Court Has Personal Jurisdiction over Vanguard

### A.     Standard of Review

A federal court sitting in diversity may properly exercise personal jurisdiction over a defendant only if the plaintiff meets the requirements of the state long-arm statute and the Due Process Clause of the Fourteenth Amendment.  *See Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir. 1999); *Venetian Salami Co. v. Parthenais,* 554 So. 2d 499, 502 (Fla.1989).  Thus, assuming waiver did not apply, Gainesville Coins must show Vanguard's activities and contacts in Florida satisfy Florida's long-arm statute to obtain personal jurisdiction.  If the Court concludes that personal jurisdiction exists under Florida's long-arm statute, it must next consider whether Vanguard's contacts with the state of Florida are sufficient to satisfy the Due Process Clause of the Fourteenth Amendment.  The due process inquiry requires the Court to determine whether Vanguard has minimum contacts with the forum state and whether the exercise of jurisdiction would "offend traditional notions of fair play and substantial justice."  *See Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295-96 (11th Cir. 2009) (citation omitted).

### B.     Florida's Long-Arm Statute

Florida's long-arm statute, Fla. Stat. § 48.193(1)(a), provides that a defendant, "whether or not a citizen or resident of this state," is subject to the jurisdiction of Florida

courts if he commits "a tortious act within this state."  Florida courts construing this provision have noted that the alleged tortfeasor's physical presence in Florida is not required. *See Wendt v. Horowitz,* 822 So. 2d 1252, 1260 (Fla. 2002).  Rather, jurisdiction may be found in certain instances where an out-of-state defendant commits a tort that produces an injury in Florida.  *Id.*

The Eleventh Circuit has held that "[i]n our technologically sophisticated world permitting interstate business transactions by mail, wire and satellite signals, physical presence by the nonresident defendant is not necessary for personal jurisdiction in the forum state." *Cable/Home Commc'ns Corp. v. Network Productions, Inc.,* 902 F.2d 829, 857 (11th Cir. 1990) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985)).  *See generally Brennan v. Roman Catholic Diocese of Syracuse New York,* 322 Fed.Appx. 852 (11th Cir. 2009) (reversing district court's dismissal for lack of personal jurisdiction where plaintiff suffered injury in Florida arising from defendant's alleged intentional misconduct in New York and defendant's fraudulent representations directed to plaintiff in Florida); *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* 421 F.3d 1162 (11th Cir. 2005) (reversing district court's dismissal for lack of personal jurisdiction under Florida's long-arm statute where complaint alleged defendant's communications from California to plaintiff in Florida intended to deceive and defraud plaintiff); *Acquardo v. Bergeron,* 851 So. 2d 665 (Fla. 2003) (finding jurisdiction under Fla. Stat. § 48.193(1)(b) where an out-of-state defendant allegedly defamed a Florida resident during a single phone call made into Florida).

Gainesville Coins has met this first jurisdictional requirement.  The complaint alleges that Vanguard infringed on Gainesville Coins' copyright in the Work by copying substantial portions of the Work and displaying it on Vanguard's website.  Copyright infringement is a tortious act that satisfies Florida's long-arm statute.  *See Smith v. Trans-Siberian Orchestra*, 8:09-CV-1013-T-33EAJ, 2011 WL 824675, at *4 (M.D. Fla. Mar. 3, 2011); *see also Cable/Home Commc'ns*, 902 F.2d at 854.  Also, the infringement occurred in Florida to the extent that Vanguard's website is accessible in Florida and has been accessed by Florida residents (Dkt. 22; Exhibits 1 and 2 thereto).

### C.    Due Process Analysis

#### 1.    Minimum Contacts

Having concluded the tortious act provision of Florida's long-arm statute is satisfied, the Court must analyze the long-arm jurisdiction under the due process requirements of the federal constitution.   "A forum may exercise specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities to forum residents and the resulting litigation derives from alleged injuries that arise out of or relate to those activities." *Cable/Home Commc'ns*, 902 F.2d at 857 (internal quotations omitted).

As already stated above, in our technologically sophisticated era, physical presence by the nonresident defendant is unnecessary for personal jurisdiction in the forum state. Intentional torts may support the exercise of personal jurisdiction over a nonresident defendant who has but one single act supporting jurisdiction so long as it creates a "substantial connection" with the forum.  *See Licciardello v. Lovelady,* 544 F.3d 1280, 1288

n.8 (11th Cir. 2008) (holding that "where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief") (citing *Calder v. Jones,* 465 U.S. 783, 789-90 (1984)).

In *Calder,* a California plaintiff sued a Florida newspaper and two of its employees in California state court arising from the publication of an allegedly libelous article about the Plaintiff. The Court stated that "[i]n judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum and the litigation" and found that "[a]n individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Calder,* 465 U.S. at 788-90.

Following *Calder,* the Eleventh Circuit in *Licciardello* noted that many courts apply the *Calder* "effects test" when a plaintiff's claim involves an intentional tort. *See Licciardello,* 544 F.3d at 1286 (citations omitted). Even more recently, the Eleventh Circuit applied the *Calder* "effects test" to conclude a district court erred in finding a lack of sufficient minimum contacts with Florida. The Eleventh Circuit stated:

> [S]o long as the purposeful conduct creates a "substantial connection" with the forum, even a single act can support jurisdiction. *Burger King Corp.,* 471 U.S. at 475. Intentional torts are such acts and may support the exercise of personal jurisdiction over the non-resident defendant who has no other contacts with the forum. *Licciardello,* 544 F.3d at 1285. In *Licciardello,* we held that the

commission of an intentional tort by a nonresident expressly aimed at a resident, the effects of which were suffered by the resident in the forum, satisfied the "effects" test established in *Calder v. Jones,* 465 U.S. 783, 789-90. 544 F.3d at 1288. The "effects" test provides that due process is satisfied when the plaintiff brings suit in the forum where the "effects" or "brunt of the harm" caused by the defendant's intentional tortious activity was suffered. *Licciardello,* 544 F.3d at 1285-87. Therefore, personal jurisdiction is proper over a defendant who commits an intentional and allegedly tortious act expressly aimed at the plaintiff in the forum state. *Id.* at 1288.

*Brennan,* 322 Fed.Appx. at 856; *see also New Lenox Ind. v. Fenton,* 510 F. Supp. 2d 893, 904 (M.D. Fla. 2007) (recognizing that "a number of courts" have held that "where a defendant's tortious conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum").

Gainesville Coins alleges that Vanguard committed a tortious act, i.e., copyright infringement, the infringement was purposeful, and the brunt of the harm to Gainesville Coins was suffered in Florida where Gainesville Coins has its principal place of business. The Court concludes that Vanguard's alleged actions of: deliberately and willfully infringing upon Gainesville Coins' copyright by copying nearly the entire website for Gainesville Coins; and displaying the Work at its competing website, the Vanguard Website, for commercial gain because Vanguard is a competitor of Gainesville Coins, are sufficient to meet the "effects test". In other words, Vanguard's alleged acts purposefully availed itself of this forum. *See Waterproof Gear, Inc. v. Leisure Pro, Ltd.*, 8:08-cv-2191-T-33MAP, 2009 WL 1066249, at *1 (M.D. Fla. Apr. 20, 2009) (finding that defendant purposefully availed

itself of the forum when defendant copied and placed plaintiff's copyrighted marketing materials on defendant's website).

### 2.      Fair Play and Substantial Justice

Even where a defendant has purposefully established minimum contacts with the forum state, the court must also evaluate jurisdiction in light of several other factors to determine whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *International Shoe Co.,* 326 U.S. at 320.  When assessing fairness, courts look to various factors: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the interstate judicial system's interest for the most efficient resolution of controversies. *Brennan,* 322 Fed.Appx. at 856-57 (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980)).

The Court concludes that Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida and that the Constitution is not offended by Florida's assertion of its jurisdiction over such nonresident tortfeasors.  Thus, holding Vanguard amenable to personal jurisdiction in Florida does not contravene basic notions of fair play and substantial justice.

Finally, Vanguard does not argue that it will suffer any burden if it has to defend a lawsuit in Florida.

It is therefore **ORDERED AND ADJUDGED** that:

1.     Defendant BCG Ventures, Inc. d/b/a Vanguard Capital Group's Motion to

Dismiss for Lack of Personal Jurisdiction (Dkt. 20) is DENIED.

2.     Defendant shall file an answer to the complaint within fourteen (14) days of

this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1402.mtdismiss20.wpd